IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGIONAL HUMAN SERVICES, INC., d/b/a ASHLAND BEHAVIORAL CENTER, | : : : : | 4:08-cv-1130 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| KATHLEEN SEBELIUS, Secretary of Health and Human Services, | : : : | Hon. Martin C. Carlson |
| Defendant. | : | |

## MEMORANDUM

### December 8, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Pending before the Court is the Report and Recommendation ("R&R") of

Magistrate Judge Carlson filed on September 7, 2011.  (Doc. 53).  Within the

R&R, Magistrate Judge Carlson recommends that Plaintiff Ashland Behavioral

Center's ("Plaintiff" or "Ashland") appeal of the Medicare Appeal Council's

("MAC") unfavorable administrative decision be reversed and remanded to

Administrative Law Judge Joseph M. Davidson for further consideration, including

consideration of the administrative decision of Administrative Law Judge Joseph

F. Leary, and its relevance to the claims that were assigned to ALJ Davidson for

adjudication.

Limited objections to the R&R were filed by both parties. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall largely adopt the Magistrate Judge's recommendations, however we shall sustain Secretary's objection to the extent that we shall remand the matter to the Secretary generally, rather than a specific ALJ.

## I.     BACKGROUND

In this action, Ashland brings an administrative appeal of an unfavorable decision of the MAC that denied it claims for coverage for partial hospitalization services ("PHP services") provided to Michael Patrick, the beneficiary of the services, between June 23, 1997 and December 31, 1997.[1] The case is thus an appeal of a final decision of the Secretary of Health and Human Services regarding claims for reimbursement under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg.

The procedural path of this administrative appeal is as confusing as the facts are complex: Ashland is appealing an adverse decision of the MAC, which

---

[1] In 1998, Michael Patrick was a 79-year old patient who had resided at Ahsland's Long-Term Care Unit, for approximately one year. He had been housed there following a stroke, and thereafter had begun to display agitation and aggressive behavior towards staff and caregivers. The PHP services provided to Mr. Patrick involved a variety of counseling and therapy services to treat his anger and aggression.

partially affirmed the decision of ALJ Davidson, who had issued an unfavorable

decision denying reimbursement for PHP services provided to Mr. Patrick between

June 23, 1997 and December 31, 1997.  In his July 15, 2005 decision, ALJ

Davidson effectively vacated a decision that had been previously rendered by

another ALJ, ALJ Leary, which allowed payment for PHP services rendered to Mr.

Patrick for the limited period of December 8, 1997 through December 31, 1997.  In

the administrative appeal, the MAC determined that ALJ Davidson overstepped his

jurisdiction by deciding claims for reimbursement that had already been decided by

ALJ Leary and which had not been appealed, thus were binding upon the

Secretary.  However, the MAC upheld ALJ Davidson's decision to the extent it

denied claims for services rendered between June 23, 1997 to December 5, 1997.

This appeal of that decision followed.

    After consideration of the voluminous record in this case, on September 7,

2011, Magistrate Judge Carlson issued the instant R&R.  The main issue for

Magistrate Judge Carlson's consideration was how to reconcile  the divergent

decisions of ALJ Leary, who granted reimbursement for Mr. Patrick's PHP

services for the period of December 5 through 31, 1997 and ALJ Davidson, who

denied all reimbursement for Mr. Patrick's PHP services, because those opposite

findings and conclusion concerned the same diagnosis, the same treatment plan and

reimbursable services.[2]

Ashland argued that the polar opposite conclusions reached by the two ALJs involving claims for reimbursement over the same diagnosis and treatment plan is fundamentally unfair.  Thus, Ashland submits that ALJ Leary's determination that the services rendered to Mr. Patrick were reimbursable, which was made first, should have been binding on ALJ Davidson with respect to the other claims for Mr. Patrick's PHP services, based on principles of *res judicata* and collateral estoppel.  Ashland also submits that all of its claims for reimbursement pertaining to Mr. Patrick's PHP services should have been consolidated together and heard before one ALJ.

In response, the Secretary asserts that there exists no applicable law or regulation requiring multiple claims for reimbursement of Medicare expenses be consolidated into a single proceeding.  Additionally, the Secretary asserts that the principles of *res judicata* and collateral estoppel are inapplicable to the administrative decisions at issue.  The Secretary contends that it was Ashland's failure to present the testimony of Mr. Patrick's treating and consulting physicians

---

[2] As mentioned earlier, in his decision, ALJ Davidson essentially overruled ALJ Leary's reimbursement determination by holding that Ashland was entitled to reimbursement for Mr. Patrick's PHP services.  However, the MAC overturned the portion of ALJ Davidson's decision that overruled ALJ Leary's determination about reimbursement for the December 5 to 31 period, because reimbursement for that period was not before ALJ Davidson for determination.

at the proceeding before ALJ Davidson, and that the decision of ALJ Davidson should not be set aside for failure to consider evidence that the claimant did not offer.  Based on all of these arguments, the Secretary requested that the Court affirm the agency's decision.

As noted above, Magistrate Judge Carlson issued the instant R&R after a review of the record in this matter.  In summary, Magistrate Judge Carlson concluded that the matter must be remanded because ALJ Davidson's decision to deny reimbursement for Mr. Patrick's PHP services is directly contrary to ALJ Leary's previous determination that Ashland was entitled to reimbursement for a portion of Mr. Patrick's PHP services for the same diagnosis.  Further, Magistrate Judge Carlson recommended that the matter be remanded to ALJ Davidson.

## II.    STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound

discretion, chooses to place on a magistrate judge's proposed findings and

recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423

U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.   DISCUSSION

As noted hereinabove, both parties filed limited objections to the R&R.

Neither party objects to the Magistrate Judge's ultimate conclusion that the case be

remanded, however they both dispute to whom the matter should be remanded.

Additionally, Ashland maintains its position that the principles of *res judicata* and

collateral estoppel should apply in such a way that ALJ Leary's first in time

finding in favor of reimbursement for Mr. Patrick's PHP services be binding on

ALJ Davidson.  Alternatively, Ashland contends that the remand order should, at

minimum, direct the ALJ to consider the testimony and findings of Mr. Patrick's

treating physicians.

As a threshold matter, we note that because we are adopting Magistrate

Judge Carlson's recommendation that this matter be remanded for further review,

we need not reach  Ashland's contention that ALJ Leary's prior determination is

effectively *res judicata* or that the principles of collateral estoppel apply.[3]  Like

---

[3] Like Magistrate Carlson, we recognize that the precedent in the Third Circuit is unclear as to whether the principles of *res judicata* or collateral estoppel apply to claims for Medicare reimbursement.

Magistrate Judge Carlson, we find ALJ Davidson's total failure to address ALJ

Leary's previous decision addressing claims for reimbursement for the same

services, to the same beneficiary, for the same diagnosis, undermines ALJ

Davidson's subsequently issued ruling, and causes us to find that his decision was

not supported by substantial evidence.[4]  Thus, remaining for our determination is

the scope of the remand order and whether the matter should be remanded to ALJ

Davidson, ALJ Leary, or the MAC.

Magistrate Judge Carlson recommends that Ahsland's appeal of the MAC's

unfavorable administrative decision be remanded to ALJ Davidson for further

consideration, including consideration of the administrative decision of ALJ Leary,

and its relevance to the claims that were assigned to ALJ Davidson for

adjudication.[5]  The Secretary contends that the matter should be remanded to either

the Secretary or the MAC, which issued the Secretary's final decision.  It is the

---

[4] As set forth in detail in the Magistrate Judge's R&R, pages 24-27, the Secretary's final decision must be upheld if it is supported by "substantial evidence."  The Third Circuit has defined substantial evidence as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala*, 55 F. 3d 900, 901 (3d Cir. 1995)(quotation omitted).

[5] Editorially we note that, while there is no prohibition against multiple claims for reimbursement for the same services provided to the same beneficiary for the same diagnosis being assigned to different ALJs for consideration, we find there little utility in assigning these matters among multiple ALJs.  To be sure, judicial economy would be better served if the entire universe of claims related to one beneficiary for the same services and diagnosis was before one ALJ.

Secretary's contention that Magistrate Judge Carlson's proposed remand of the case to a specific ALJ exceeds the Court's remand authority under 42 U.S.C. § 405(g), citing 42 U.S.C. § 1395ff(b)(1)(A). Ashland contends that the matter should be remanded to ALJ Leary.

Our reading of 42 U.S.C. § 1395ff(b)(1)(A) in conjunction with 42 U.S.C. § 405(g) leads us to the conclusion that this matter must be remanded by us to the Secretary, and not a specific ALJ. These sections specifically refer to remands to the Secretary, not remands to ALJs. Thus, we shall sustain the Secretary's objection to the extent that our remand Order will remand this matter to the Secretary, not ALJ Davidson.

As to the scope of the remand Order, Magistrate Judge Carlson recommends that the matter be remanded for further consideration, including consideration of the administrative decision of ALJ Leary, and its relevance to the claims that were assigned to ALJ Davidson for adjudication. Ashland, in essence, wants us to provide the Secretary with more specific instructions on remand, including directions to consider all medical evidence favorable to Ashland. However, we find that the remand Order need be no more specific than as recommended by Magistrate Judge Carlson. At bottom, the main issue in this case is that two ALJs made polar opposite findings when considering the same beneficiary of the same

services for the same diagnosis.  It is our considered view that those divergent

determinations must be reconciled by the Secretary on remand.  It is a matter of

commonsense to the Court that the full record of Mr. Patrick's treatment must be

considered when making this determination, thus we do not find that any more

specific instructions must be given to the Secretary in our remand Order.

## IV.   CONCLUSION

Accordingly, based on the foregoing, we shall largely adopt the Magistrate

Judge's R&R.  We shall sustain the Secretary's objections to the extent that this

matter shall be remanded to the Secretary generally, and not to a specific ALJ. An

appropriate Order shall issue.